# In re Contested Election of E. C. Mathews.

1. Where a motion to quash a petition in a contested election case was refused, every presumption is to be made in favor of the proceedings of the court below.

2. Where an election for alderman is contested, the court should determine who has been duly elected.

November 13th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Certiorari to the Court of Quarter Sessions of *Allegheny county*: Of October and November Term 1879, No. 44.

On the 27th of February 1878, a petition was presented to the Court of Quarter Sessions, signed by twenty-five persons, alleged

to be qualified electors of the Seventh Ward of the city of Pittsburgh, contesting the election of Edwin C. Mathews, as alderman of said ward, and averring that the votes in the second precinct of said ward had not been properly counted.

On the 16th of March 1878, Mathews filed his answer to said petition, denying the allegations therein, and alleging that fraudulent votes had been cast in the third precinct for Joseph A. Butler, and that a fraudulent count of the votes in said precinct had been made in Butler's favor.

A replication was filed to this answer, and a commissioner appointed to take testimony. On the 13th of April 1878, Mathews presented his petition to court, alleging therein that the petition to contest his election had not been signed by twenty-five qualified electors of said ward, and specifying the parties who signed the petition who were not such qualified electors, and prayed the court to quash the petition to contest the election. An answer was filed denying the averments in said petition, and counsel for Mathews then filed a motion to have a commissioner appointed to take testimony, which the court held under consideration, and eventually dismissed the petition to quash without hearing any evidence, which action of the court was assigned for error by Mathews, who took this writ.

Considerable testimony was taken by the commissioner appointed on the petition to contest the election, and returned to court on the 7th of December 1878, and on the 4th of January 1879, the court filed an opinion finding that Joseph A. Butler had received the highest number of legal votes, and declaring him to be the duly elected alderman of the ward, which was also assigned for error.

*D. T. Watson* and *J. W. Over*, for Mathews.—The proceedings below should be reversed because the respondent, Mathews, filed a denial under oath that the petition had been signed by the proper number of authorized contestants; and the court refused to dismiss the proceedings, or to allow Mathews to prove that his allegations were true. The Act of 1874 absolutely requires that, in order to give the court below jurisdiction, a petition must be presented signed " by at least twenty-five qualified electors who voted at the election contested." If the contesting petition below was not so signed, clearly the court below had no jurisdiction, and if it had no jurisdiction the whole proceedings are void.

The Act of 1874 provides for four classes of contested elections. In contests of the third class the court may determine who received the greatest number of votes and was legally elected. But in contests of the fourth class the specific power of determining who is elected is not given.

It is true that by section 17, the ordinary powers necessary to a

[In re Contested Election of E. C. Mathews.]

hearing of the case are given, and broad language is used, which it is apparent refers only to the ordinary powers of compelling attendance, &c. But the specific power to determine and declare who is legally elected was not given in the'fourth class of cases. The court, therefore, had no such power ; but if the court thought, under all the evidence, that Mathews had not been elected, it should have set aside the returns and ordered a new election.

*John S. Lambie* and *Duff & Alcorn, contra.*—This contest arises under the 16th section of the Act of 19th May 1874, and the 18th section of the same act. The 17th section, providing "that cases of this class shall be tried and determined by the Court of Quarter Sessions of the peace of the county in which the election contested shall be held:" The language of this act certainly means the court shall determine the facts alleged in the petition, and the petition averred that Butler, and not Mathews, was duly elected alderman of the Seventh Ward.

It has been held by this court In re Contested Election of Barber, 5 Norris 392, that the Act of June 21st 1839, in relation to contested elections, so far as it has not been directly repealed by the Act of 1874, has yet all the controlling efficacy it would have if the Act of 1874 had not been passed. The latter act was passed simply to regulate the mode of trying and deciding election contests, and did not repeal the 3d section of the Act of June 21st 1839 (except by transferring the jurisdiction from the Common Pleas to the Quarter Sessions Court, and by changing the number of petitioners, &c.).

It seems then clear that this court having held in Barber's Case, *supra,* that this act was still in full force, the court below had full and abundant power to determine who was duly elected alderman of the Seventh Ward. The refusal to quash the petition in an election case is not ground of error: Election Cases, 15 P. F. Smith 20.

The judgment of the Supreme Court was entered November 24th 1879,

PER CURIAM.—This is a common-law certiorari, and brings up only what is strictly the record. We can not review the case as on appeal. Every presumption is to be made in favor of the proceedings of the court below: Election Cases, 15 P. F. Smith 20. An application was made to quash the proceedings in the court below, and an answer filed denying the allegations of the petition. No doubt the court had sufficient reasons for denying the motion. The refusal to appoint a commissioner to take testimony proves nothing. They may have heard the testimony in open court.

The remaining assignments of error are sufficiently answered by referring to the case of In re Contested Election of Barber, 5 Norris 392.                              Proceedings affirmed.